**In the Matter of the Application for the DISCIPLINE OF Ronald O. YLITALO, an Attorney at Law of the State of Minnesota.**

**No. C1–85–1550.**

Supreme Court of Minnesota.

Sept. 3, 1985.

## ORDER

The Lawyers Professional Responsibility Board through its Acting Director has filed a petition in this court seeking discipline of the respondent Ronald O. Ylitalo. Following the filing of the petition, the respondent, pro se, waived all of his rights under the Rules on Lawyers Professional Responsibility for representation and hearings as provided therein and entered into a stipulation for the imposition of discipline.

The court having considered the petition and having considered the stipulation and mitigating circumstances,

NOW ORDERS:

1. Respondent is hereby publicly reprimanded for having a shortage in his trust account in September 1982 and for failing to maintain cash receipts and disbursement journals for his trust account and subsidiary ledgers for clients with funds deposited in respondent's trust account in the years 1983 and 1984.

2. Respondent shall pay costs in the amount of $500 pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.

3. Respondent shall be placed on supervised probation pursuant to Rule 15 of Rules on Lawyers Professional Responsibility for a period of two years. The terms of said probation shall be:

a. Respondent shall abide by the Minnesota Code of Professional Responsibility and after August 31, 1985, the Minnesota Rules of Professional Conduct. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of breach of the stipulation and of this order.

b. Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, the Director may appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

c. Respondent shall cooperate fully with the supervisor and with the Director's office in efforts to monitor compliance with this probation and in any investigations of further unprofessional conduct which may arise during the probation.

d. The supervising attorney shall periodically review respondent's books,

ledgers, and accounts pertaining to his office and trust accounts to ensure compliance with the appropriate rules of professional conduct.

e. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with the Minnesota Code of Professional Responsibility and the Lawyers Professional Responsibility Board Opinion 9. Such books at all times, upon request, shall be subject to review by the Director and respondent's supervisor.